IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DARRELL RICARDO WHYTE ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01321 |
| ) | |
| BRENNA K. BELL et al. ) | |

TO: Honorable Waverly D. Crenshaw, Jr., United States District Judge

R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 22, 2024 (Docket Entry No. 6), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court are separate motions to dismiss filed by Defendant Jennings H. Jones (Docket Entry No. 15) and Defendant Sonya Smith Wright (Docket Entry No. 17). Plaintiff has not responded to the motions. For the reasons set out below, the undersigned respectfully recommends that the motions be **GRANTED** and that the claims against the moving Defendants be **DISMISSED**.

I. BACKGROUND

Darrell Ricardo Whyte ("Plaintiff") is a resident of Tennessee. On December 14, 2023, he filed a *pro se* complaint against five individual defendants: (1) Brenna K. Bell, alleged to be a child support services officer; (2) Jennings H. Jones, the District Attorney for Tennessee's 16th Judicial District; (3) Donna Scott, a former juvenile court judge for Rutherford County, Tennessee; (4) Sonya Smith Wright, a private attorney; and, (5) Robert M. Duck, the Director of Operations

for Tennessee's Department of Human Services. Each defendant is sued in his or her individual and official capacities. *See* Complaint (Docket Entry No. 1). Plaintiff asserts that federal jurisdiction exists based upon both diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. *Id*. at 3-4.

Plaintiff asserts that he is required to pay child support as the result of a past state court proceeding and refers to a 2013 court proceeding before Defendant Scott. Plaintiff alleges that he was informed recently that he was in arrearage on his child support in an amount of more than $15,000, but that the amount was reduced to $12,000 in 2022. Plaintiff disputes that this amount is correct, appearing to argue that part of the amount is fraudulently based upon time periods when he was incarcerated and during which he states that he was assessed child support amounts as if he made minimum wage. He alleges that Defendant Bell was involved in some manner in reviewing his objection to the amount in September 2022. Plaintiff further alleges that the Tennessee Department of Human Services, via Defendant Duck, issued an income withholding order against him in December 2023 to garnish his wages for past due child support and that Defendant Wright, who appears to be an attorney, advised Plaintiff's employer to honor the garnishment directive. Plaintiff asserts that garnishment of his wages is akin to slavery and peonage and that child support has been "ruled unconstitutional by the Supreme Court." *Id.* at 7. He further makes some type of allegation of wrongdoing against Defendant Jones related to enforcement of the child support obligation but his allegation is unclear. Plaintiff finally alleges that he has been denied a United States passport because of his child support arrearage.

Based upon these events, Plaintiff claims that his federal constitutional rights under the Fourth, Fifth, Sixth, Seventh, and Ninth Amendments have been violated and contends that he is

entitled to $10,000,000 in damages. *Id.* at 4-5. He further asserts that "Child Support is a Bill of Attainder and ex post facto. It is also non Positive law under title 42." *Id.* at 5. Finally, Plaintiff lists 14 criminal provisions set out in Title 18 of the United States Code that he claims Defendants have violated. *Id*. at 8-9.

In lieu of filing answers, Defendants Jones and Wright filed the pending motions to dismiss on April 24, 2024, and May 7, 2024, respectively. Defendant Jones argues that the claims against him should be dismissed because: (1) under the domestic relations exception, the Court lacks subject matter jurisdiction over what is essentially a child support matter; (2) the Eleventh Amendment bars claim for damages against Jones in his official capacity and he is not a "person" for the purposes of a claim pursuant to 42 U.S.C. § 1983; and, (3) Plaintiff's allegations fail to state a claim for relief against Jones in his individual capacity and the doctrine of absolute prosecutorial immunity bars any damages claims against him. *See* Defendant Jones' Memorandum of Law (Docket Entry No. 16). Defendant Wright argues that the claims against her should be dismissed because Plaintiff fails to show that federal subject matter jurisdiction exists, and his allegations fail to state a claim upon which relief can be granted against her. *See* Defendant Wright's Memorandum of Law (Docket Entry No. 18).

Upon Plaintiff's motion, the Court extended the deadline for Plaintiff file responses to the motions to June 21, 2024. *See* Order May 21, 2024 (Docket Entry No. 20). In the Order, the Court specifically advised Plaintiff that the failure to file responses could result in the motions being granted.

Instead of filing responses to the motions, Plaintiff filed a "notice of non-compliance with Federal Rules of Civil Procedure 4." *See* Docket Entry No. 21. Plaintiff asserts that he has not been

3

provided with proof of service returns for Defendants and "demands that any requirements to respond to be placed on hold" until he receives proof of when Defendants were served with process. *Id*. at 2.

## II. STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim for lack of subject matter jurisdiction. Subject matter jurisdiction is a threshold issue. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "A party seeking to invoke the jurisdiction of the federal courts ... bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008 ) (*per curiam*).

A request for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff as the non-moving party. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well-pled factual allegations must "do more than create

4

speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

Because Plaintiff is a *pro se* litigant, the Court is required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *Pro se* litigants, however, are not exempt from the pleading requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and the Court cannot supply or assume facts that are not pled or create claims that are not actually raised. *See Brown v. Matauszak*, 415 F.App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks and citation omitted); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (a court is not required to create a plaintiff's claim for him from fragmentary and conclusory allegations).

### III. ANALYSIS

After review of the parties' filings, the Court finds and recommends that Defendants' motions to dismiss should be granted and that they should be dismissed from this case. First, although Plaintiff was specifically notified of the motions, given an extended response deadline, and warned of the need to respond, he has not actually responded to the motions to dismiss.

Under Local Rule 7.01(a)(3), Plaintiff's failure to file a response to the motions indicates that there is no opposition to the motions. *See also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir.1989) (unpublished table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have

5

Case 3:23-cv-01321    Document 23    Filed 10/11/24    Page 5 of 11 PageID #: 125

waived opposition to the motion."). Instead of filing responses to the motions as he was directed to do by the Court, Plaintiff chose to ignore the arguments for dismissal raised by Defendants Jones and Wright and instead made a "demand" that the requirement to respond be put on hold until he was personally satisfied of when Jones and Wright were served with process and satisfied that they had responded to the complaint in a timely manner.

Plaintiff's stance is not well taken. Plaintiff may not unilaterally decide to ignore an order of the Court and to forgo making responses to the dismissal motions merely because he has questions about whether Defendants timely responded to the complaint through their motions to dismiss. Any argument about this issue should have been raised as part of Plaintiff's responses to the motions.

Further, Plaintiff's objection is itself meritless. The docket indicates that Defendants Jones and Wright were served with process on April 16, 2024, and April 15, 2024, respectively. *See* Docket Entry Nos. 10 and 11. Their responses to the complaint through the motions to dismiss were timely made and, further, show an intent to defend against this lawsuit that negates any request for default against them. More importantly, Defendants Jones and Wright both set forth sound and reasoned legal arguments for the dismissal of the lawsuit as to them. These unopposed arguments support granting their motions.[1]

Initially, because both Defendants raise the issue of subject matter jurisdiction and it is a threshold issue, *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), the Court addresses this issue prior to turning to the other arguments for dismissal. Although Plaintiff

---

[1] Although only motions to dismiss from Defendants Jones and Wright are before the Court, many of the arguments for dismissal they raise apply as equally to the non-moving Defendants.

asserts federal jurisdiction under 28 U.S.C. §1332 based on diversity of citizenship, there is no plausible basis for such jurisdiction because all parties are clearly residents of Tennessee. Plaintiff's assertion in his complaint that each of the individual defendants are "corporations" and are "incorporated under the laws of the State of the District of Columbia," *see* Complaint at 6, is nonsensical, legal gibberish. Nonetheless, because Plaintiff asserts claims based on violations of federal constitutional rights[2] and violations of federal statutes, federal question subject matter jurisdiction over the case exists under 28 U.S.C. §1331.

With respect to Defendant Jones, however, the principle of sovereign immunity bars any damage claims that are brought against him in his official capacity. A suit against a state official in his official capacity is essentially a suit against the state itself. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Ky. v. Graham*, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). A state cannot be sued for monetary damages by a citizen of its own state unless the state has consented to such suit or Congress has abrogated the state's immunity from suit. *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 514 (6th Cir. 2021); *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017).

It is well-established that Tennessee has retained its immunity from claims brought against it under Section 1983, *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986), and that Congress has not abrogated the states' sovereign immunity against § 1983 claims. *Will v. Mich.*

---

[2] Although Plaintiff brings his claims against Defendants directly under the Constitution, constitutional claims may only be pursued against state and local officials under 42 U.S.C. § 1983. *See Collier v. Austin Peay State Univ.*, 616 F.Supp.2d 760, 772 (M.D. Tenn. 2009). However, it is appropriate for the Court to construe his constitutional claims as having been raised under § 1983. *See Wooten v. Bates*, 101 F.App'x 14, 16 (6th Cir. 2004) ("It is not improper for a district court to construe a complaint alleging a constitutional violation by a state official as arising under 42 U.S.C. § 1983 even if that statute is not specifically cited in the pleading.").

*Dept. of State Police*, 491 U.S. 58, 67 (1989). For these reasons, Plaintiff's official capacity claim against Jones must be dismissed.

To the extent that Plaintiff seeks to pursue a claim for damages against Defendant Jones in his individual capacity, such claim must also be dismissed. First, Plaintiff's factual allegations are so disjointed and confusing that it is impossible to discern how Jones is alleged to violated any legal right of Plaintiff. Such allegations fail to support viable legal claims. *See Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716 (6th Cir.1996) (a court not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief). Second, it is apparent that any actions taken by Jones were taken in his role as the district attorney. Jones is shielded from damages liability for these actions by the principle of prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000).[3]

With respect to Defendant Wright, the Court finds that Plaintiff's allegations fail to support any type of plausible claim for relief against her. To pursue a constitutional claim under § 1983, Plaintiff must demonstrate two elements: (1) that the alleged conduct was committed by a person acting under color of state law; and (2) that this conduct deprived Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Graham v. NCAA*, 804 F.2d 953, 957 (6th Cir. 1986). The critical

---

[3] Because the claims against Defendant Jones are clearly subject to dismissal based on other grounds, the Court finds it unnecessary to address whether the domestic relations exception applies to Plaintiff's lawsuit, which seeks only an award of damages. *See McGuire v. Tennessee*, 2022 WL 2794281, at *2 (M.D. Tenn. July 14, 2022), *aff'd*, 2023 WL 9289932 (6th Cir. Mar. 17, 2023) ("The ultimate inquiry in determining the applicability of the domestic relations exception focuses on the remedy sought by the plaintiff.").

shortcoming in Plaintiff's constitutional claims against Wright is that she is not a state official who acted under color of state law but is a private citizen whose alleged wrongful actions involved purely private conduct. As the Sixth Circuit has stated, "[s]ection 1983 is directed at actions taken pursuant to governmental authority, and 'does not, as a general rule, prohibit the conduct of private parties acting in their individual capacities.'" *Garcia v. Dykstra*, 260 F.App'x. 887 (6th Cir. 2008). Id. (quoting *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)). For this reason, private citizens rarely fall within the purview of liability under § 1983. Defendant Wright is asserted to be a private attorney who gave advice to a private business. Consequently, Plaintiff has no claim for relief against Wright under § 1983.

With respect to Plaintiff's laundry list of federal criminal statutes that he asserts have been violated, unless specifically provided for in the statute, a federal criminal statute rarely creates a private cause of action that can form the basis for a civil claim. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 967 (1958); *Young v. Overly*, 2018 WL 5311408 at *2 (6th Cir. July 2, 2018); *Milgrom v. Burstein*, 374 F.Supp.2d 523, 529 (E.D.Ky. 2005). It is Plaintiff's responsibility to show that the various federal criminal statutes referred to in his complaint create a private cause of action and to set forth factual allegations supporting a claim under the statutes. He has done neither, and his vague and conclusory assertion that federal criminal statutes have been violated simply fails to show that a legal claim for relief exists against Wright, or any defendant for that matter.[4]

---

[4] Although the Court acknowledges that that 18 U.S.C. § 1964(c) provides for a private right of action to "any person injured in his business or property by reason of a violation of [18 § U.S.C. 1962]," *Anza v. Ideal Steel Supply Co.*, 547 U.S. 451, 453 (2006), a civil RICO claim does not exist merely because Plaintiff refers to the statute, and Plaintiff's factual allegations come nowhere close to stating a civil RICO claim.

9

In the absence of any type of response from Plaintiff to rebut the motions to dismiss filed by Defendants Jones and Wright, it is not the Court's duty to make arguments on Plaintiff's behalf. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) (it is not the duty of a court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion."); *Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) ("this Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response). Plaintiff's failure respond to the dismissal arguments raised by Defendants Jones and Wright is also not excused merely because he is acting *pro se*. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F.App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

# R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully **RECOMMENDED** that the motions to dismiss of Defendant Jennings H. Jones (Docket Entry No. 15) and Defendants Sonya Smith Wright (Docket Entry No. 17) be **GRANTED** and that Defendants Jones and Wright be **DISMISSED FROM THIS LAWSUIT**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge