IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DARRELL RICARDO WHYTE ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01321 |
| ) | |
| BRENNA K. BELL *et al.* ) | |

TO:    Honorable Waverly D. Crenshaw, Jr., United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 22, 2024 (Docket Entry No. 6), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Of the five Defendants in this action, two have already been dismissed and the remaining three have not been served with process despite the passage of more than a year. For the reasons set out below, the undersigned respectfully recommends that this lawsuit be **DISMISSED**.

### I.   BACKGROUND

Darrell Ricardo Whyte ("Plaintiff") is a resident of Tennessee. On December 14, 2023, he filed a *pro se* complaint against: (1) Brenna K. Bell ("Bell"), alleged to be a child support services officer; (2) Jennings H. Jones ("Jones"), the District Attorney for Tennessee's 16th Judicial District; (3) Donna Scott ("Scott"), a former juvenile court judge for Rutherford County, Tennessee; (4) Sonya Smith Wright ("Wright"), a private attorney; and, (5) Robert M. Duck ("Duck"), the Director of Operations for Tennessee's Department of Human Services. *See* Complaint (Docket Entry No. 1).

Plaintiff's lawsuit stems from his belief that he has been legally wronged by an incorrect determination of a child support obligation that was initially assessed against him in a state court proceeding before Defendant Scott and that was later reviewed in 2022. Plaintiff alleges that Defendant Bell was involved in reviewing his objection to the amount of child support. He further alleges that the Tennessee Department of Human Services, via Defendant Duck, issued an income withholding order against him in December 2023 to garnish his wages for past due child support and that Defendant Wright advised Plaintiff's employer to honor the garnishment directive. Plaintiff asserts that garnishment of his wages is akin to slavery and peonage and that child support has been "ruled unconstitutional by the Supreme Court." (*Id.* at 7.) He further alleges wrongdoing by Defendant Jones related to enforcement of the child support obligation. Based upon these events, Plaintiff contends that he is entitled to $10,000,000.00 in damages and claims that his federal constitutional rights under the Fourth, Fifth, Sixth, Seventh, and Ninth Amendments have been violated. (*Id.* at 4-5.) He further maintains that "Child Support is a Bill of Attainder and ex post facto. It is also non Positive law under title 42." (*Id.* at 5.) Finally, Plaintiff claims that Defendants have violated several federal criminal statutues. (*Id*. at 8-9.)

Upon their motion, Defendants Jones and Wright were dismissed from the lawsuit, *see* Order entered October 31, 2024 (Docket Entry No. 24), and Plaintiff's appeal of their dismissal was dismissed by the Sixth Circuit Court of Appeal on December 27, 2024, for lack of appellate jurisdiction. (Docket Entry Nos. 29 and 30.) Defendants Jones and Wright thereafter filed separate motions for entry of a final judgment against them under Rule 54(b) of the Federal Rules of Civil Procedure. (Docket Entry Nos. 31 and 33.) These motions are currently pending before the Court and unopposed by Plaintiff.

The docket reflects that the remaining three Defendants – Scott, Bell, and Duck – have not appeared in this case and are not before the Court because they have apparently not been properly served with process. Although summons were issued to them by the Clerk on February 5, 2024, and service of process was attempted by the U.S. Marshals Service, the proofs of service that were returned reflect that: (1) process was returned unexecuted for Defendant Scott, *see* Docket Entry No. 13; (2) process for Defendant Bell was not delivered to her but to a district attorney general, *see* Docket Entry No. 9; and, (3) process for Defendant Duck was not delivered to Duck but to an individual whose name on the return receipt card is illegible and not discernible. (Docket Entry No. 12.) Plaintiff has taken no other action with respect to these Defendants.

Plaintiff's last activity in the lawsuit was on March 10, 2025, when he made a filing styled as "ADMINISTERING RULINGS WITH RESPECT OF PERSONS." (Docket Entry No. 35) (emphasis in original). This filing appears to be an argument against the dismissal of Defendants Jones and Wrights and concludes with the following:

> It appears that those who are charged with the Public Duty of Informing the People of their due from the government are the ones responsible for obfuscation of the Peoples Rights Due. You all have been made aware of your treasonous activities. Keep signing on with your co-conspirators and reap the rewards you are seeking.

(*Id*. at 10.)

### III. ANALYSIS

Rule 4(c)(1) of the Federal Rules of Civil Procedure states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified

time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It has now been approximately 15 months since summons were issued to Defendants Scott, Bell, and Duck but they have yet to be properly served with process in accordance with Rule 4(e). Because the time frame permitted under Rule 4(m) for obtaining service of process upon Defendants Scott, Bell, and Duck passed long ago, the plain language of Rule 4(m) requires that the case be dismissed without prejudice as to those Defendants. The Court notes that Plaintiff was specifically advised in two orders that the action would be dismissed if process was not properly served on Defendants. *See* Orders entered January 22, 2024 (Docket Entry No. 6), and January 30, 2024 (Docket Entry No. 7). Although Plaintiff is proceeding *pro se,* he must still comply with the basic procedural rules applicable to all litigants, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("*pro se* parties must follow the same rules of procedure that govern other litigants"), and, as the party bringing this lawsuit, he specifically "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F.App'x 285, 287 (6th Cir. 2001). Plaintiff has not met this burden, and dismissal of the action as to these three Defendants is warranted under Rule 4(m). *Walker v. Donahoe*, 528 F.App'x 439, 440-41 (6th Cir. 2013) (affirming a district court's decision to dismiss for failing to timely perfect service when the "complaint was pending in the district court for over nine months" and after issuing a show-cause order).

Furthermore, it is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record

4

of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Since having summons issued over a year ago, Plaintiff has taken no steps to ensure that the unserved Defendants have been served with process and has taken no steps to pursue his claims against them. This failure to advance the litigation against them evidences a clear record of a failure to prosecute the case against them. Dismissal of the action is therefore also warranted based on the Court's inherent authority to oversee its pending cases and under Rule 41(b). *See Oliver v. Short*, 89 F.R.D. 305, 306 (E.D. Tenn. 1980) (the *pro se* plaintiff's failure to exercise reasonable diligence to cause service of process to be made on a defendant warranted the involuntary dismissal of the action without prejudice as to the unserved defendant under Rule 41(b) for failure to prosecute).

## R E C O M M E N D A T I O N[1]

For the reasons set out above, it is respectfully **RECOMMENDED** that Defendants Donna Scott, Brenna Bell, and Robert Duck be **DISMISSED** from this action under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure and that this action be **DISMISSED** in its entirety.

In the event that the recommendation is not adopted, the Court **RECOMMENDS** that the motions of Defendant Jennings H. Jones (Docket Entry No. 31) and Defendant Sonya Smith Wright (Docket Entry No. 33) for entry of a final judgment against them under Rule 54(b) of the

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss Defendants Scott, Bell, and Duck, and to dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause for why dismissal is not warranted.

5

Case 3:23-cv-01321    Document 36    Filed 05/28/25    Page 5 of 6 PageID #: 197

Federal Rules of Civil Procedure be **GRANTED** because there is no just reason for delay in entering a final judgment against them.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                                          Respectfully submitted,

                                                          BARBARA D. HOLMES
                                                          United States Magistrate Judge